## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**KIMBERLY CLARK,**

     **Plaintiff,**

**v.**               **Case No:   6:13-cv-1801-Orl-40KRS**

**THREE MULLIGANS, LLC,**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 31)** |
| **FILED:** | **October 13, 2014** |

## I.  BACKGROUND.

   Plaintiff Kimberly Clark filed an amended complaint against Defendant Three Mulligans, LLC d/b/a Jersey Mike's ("Three Mulligans").   Doc. No. 13.   Clark alleged that Three Mulligans employed her from about October 2011 until it terminated her on about February 2, 2013.   *Id.* ¶ 9. She alleged the following causes of action: Count I – Disability Discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; Count II – Retaliatory Termination in violation of the ADA; Count III – Retaliatory Termination for Objecting to Sexual

Harassment in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; and, Count IV – Retaliatory Termination for Objecting to Racially Discriminatory Statements in violation of Title VII.[1]

Clark served Three Mulligans with the amended complaint.   Doc. No. 16 at 2; Doc. No. 24. Three Mulligans did not appear or respond to the amended complaint.   Therefore, the Clerk of Court entered a default against Three Mulligans.   Doc. No. 25.

Clark now seeks entry of a final default judgment.   Doc. No. 31.   The motion is supported by Clark's amended affidavit.   *Id.* at 11-12.   The motion has been referred to me for issuance of a Report and Recommendation, and it is ripe for consideration.

## II.   APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").   In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), and Fed. R. Civ. P. 8).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"   *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).   This analysis is equally applicable to a motion for default judgment.   *See De*

---

[1]  Clark voluntarily dismissed Count V of her amended complaint without prejudice.   Doc. No. 22.

*Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.   Rather, the Court determines the amount and character of damages to be awarded."   *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).   If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages.   *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)).   However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.   *Id.*

## III.   ALLEGATIONS OF FACTS IN THE AMENDED COMPLAINT.

Three Mulligans employed Clark from about October 2011 until she was terminated on February 2, 2013.   Doc. No. 13 ¶ 9.   At the end of her employment, Clark held the position of manager at a restaurant/sub shop in the City of Ormond Beach, Florida operated by Three Mulligans. *Id.* ¶ 10.   Clark always performed her job duties in a successful and satisfactory manner.   *Id.* ¶ 22.

Clark is a Caucasian female.   *Id.* ¶¶ 44-45.   At the time of her termination, Clark was an individual who, based on her height and weight, was overweight and/or medically obese.   *Id.* ¶ 11. As such, she was an individual who was disabled and/or perceived by Three Mulligans to be disabled as defined in the ADA.   *Id.* ¶ 12.

Before Clark was terminated, Clark's supervisor told Clark "'not to hire any chubby girls," including a specific applicant who was overweight.   *Id.* ¶ 14.   Clark questioned the supervisor about the legality of these hiring practices.   *Id.* ¶ 15.   Clark also spoke to the owner of Three Mulligans about the supervisor's statements.   *Id.* ¶ 16.

Before Clark was terminated, Clark's supervisor also told Clark that "'heavy white women usually have black children.'"   *Id.* ¶ 45.   The supervisor stated that "he had a friend who was really horny [who he] could fix Plaintiff up with."   *Id.*   The supervisor also stated to Clark that she "'might be more laid back if she got laid[.]'"   *Id.* ¶ 46.   The supervisor also showed Clark a photograph of an African-American male.   *Id.* ¶ 45.   Clark objected to her supervisor about these statements.   *Id.* ¶ 47.   Clark also objected to the owner of Three Mulligans about these statements.   *Id.* ¶ 48.

Thereafter, the owner of Three Mulligans terminated Clark.   *Id.* ¶ 18.   The stated reason for the termination was that Three Mulligans was not making enough money and could not afford to continue to employ Clark.   *Id.* ¶ 19.   The stated reason for terminating Clark was false.   *Id.* ¶ 20.   Rather, Clark alleges that she was terminated for four reasons: (1) based on her disability and/or perceived disability (*id.* ¶ 21); (2) because she objected to Three Mulligan's discriminatory hiring practices (*id.* ¶ 37); (3) because she objected to sexual statements made by her supervisor (*id.* ¶ 53); and, (4) "based upon racially discriminatory statements" (*id.* ¶ 70).   Three Mulligan's acted willfully and intentionally in terminating Clark.   *Id.* ¶¶ 23, 39, 55, 72.

On March 27, 2013, Clark filed a charge of discrimination with the EEOC.   *Id.* ¶ 7.   On August 23, 2013, the EEOC issued a 90-day right-to-sue letter.   *Id.* ¶ 8.   The original complaint in this case was filed on November 20, 2013.   Doc. No. 1.

**IV.   ANALYSIS.**

Title I of the ADA prohibits employment discrimination by a "covered entity," which is defined as "an employer, employment agency, labor organization, or joint labor-management committee."   42 U.S.C. § 12111(2).   The ADA defines employer to mean "a person engaged in an

industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."  42 U.S.C. § 12111(5)(A).

Similarly, Title VII provides that "[i]t shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).  An employer "means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."  42 U.S.C. § 2000e(b).

Whether Three Mulligans has the threshold number of employees necessary for it to be required to comply with ADA or Title VII is an element of each of Clark's claims for relief. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006).  In the amended complaint, Clark does not allege that Three Mulligans had fifteen or more employees for the requisite period.  She alleges only the legal conclusions that Three Mulligans is an employer as defined by Title VII and the ADA. Doc. No. 13 ¶ 4.  These legal conclusions are insufficient under *Iqbal* and *Twombly* to establish that Three Mulligans is a covered entity under the ADA or subject to the provisions of Title VII. *See, e.g.*, *Arquez v. Shelley*, No. 11-61592-Civ, 2012 WL 2523114, at *2 (S.D. Fla. June 29, 2012) (dismissing Title VII complaint for failing to allege number of persons each defendant employed); *see also De Lotta*, 2009 WL 4349806, at *3 (denying motion for a default judgment because allegation that Defendant was an enterprise covered by the Fair Labor Standards Act was a legal conclusion not supported by well-pleaded allegations of fact).

Because Clark has not alleged sufficient facts to support a finding that Three Mulligans is an employer subject to the provisions of the ADA or Title VII, the amended complaint is insufficient

to establish that Three Mulligans is liable under any of the causes of action alleged in Counts I through IV.

## V.        RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that Plaintiff's Amended Motion for Entry of Default Judgment, Doc. No. 31, be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 16th, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy